The City of Connersville *v.* The Board of Commissioners of Fayette County.

The judgment below is affirmed.

*W. O'Brien, W. R. Pierse, H. D. Thompson,* and *H. Craven,* for appellant.

*J. A. Harrison, J. W. Sansberry, E. B. Goodykoontz,* and *M. S. Robinson,* for appellee.

————o————

THE CITY OF CONNERSVILLE *v.* THE BOARD OF COMMISSIONERS OF FAYETTE COUNTY.

WHITE WATER CANAL.—*Laws in Force.*—*County Commissioners.*—The act of 1849, requiring the Board of Commissioners of Fayette county to keep in repair all public bridges across the White Water Canal, in said county, is not in force.

APPEAL from the Fayette Circuit Court.

DOWNEY, J.—The city of Connersville filed her complaint in the Fayette Circuit Court, asking a mandate against the Board of Commissioners of Fayette county, upon the following statement of facts, in substance, as stated in the abstract filed by the appellant. That the town of Connersville was, by virtue of an act of the general assembly, incorporated by special charter, on the 15th of February, 1841, under the name of the President and Trustees of the Town of Connersville, said special charter being declared a public act; that by the twenty-third section of said act, said town had exclusive control of all streets and alleys in said town; that said corporation exercised control over the streets and

alleys until 1869, when said town organized as a city, under the general law for the incorporation of cities, and assumed the name of the " City of Connersville;" that said city of Connersville is the lawful successor of the said town of Connersville; that she has organized under said general law as such city; that in the year 1842, by special charter granted by the general assembly of the State, " The White Water Valley Canal Company" was organized to construct a canal for the purpose of navigation, which ran through the county of Fayette and said town of Connersville; that by the thirty-seventh section of said last mentioned act, the canal company was required to construct all necessary bridges. across said canal; that said canal was constructed and used; that in 1849 the general assembly, by special local law, which was declared a public act, required that the Board of Commissioners of Fayette county, Indiana, should construct, repair, and keep in repair, in Fayette county, all bridges across said canal, and the bridge across White Water river; that said canal is still flowing through said town; that said commissioners, in pursuance of said act, did construct and repair said bridges, including those of a public nature in said town, where the public streets were cut by said canal; that since the incorporation of said town as said city, under act of March, 1867, to wit, in 1869, said board has refused to repair, and keep in repair, the bridges across said canal in the limits of said city; that several of said bridges are out of repair, and dangerous for travel; that said commissioners have been notified of the fact; that the common council had an examination of said bridges and a report of the condition presented to said board, and requested them to repair the same, which they refused to do.    A copy of which examination and report is filed with the complaint; that the repair of said bridges within the corporate limits of said city is necessary and of public utility; that said city of Connersville has exclusive power over the bridges, streets, and alleys within the corporate limits of said city.    Prayer, that

The City of Connersville *v.* The Board of Commissioners of Fayette County.

a mandamus issue to require the commissioners to repair said bridges, etc.

There was a demurrer to this complaint on the following grounds:

First, that said complaint and petition does not state facts sufficient to constitute a cause of action to authorize the relief prayed for.

Second, and for further cause, state that there is no such person or corporation as the Board of Commissioners of Fayette county, Indiana.

Third, there is no law or statute of the State of Indiana compelling or authorizing the defendant, as the Board of Commissioners of the county of Fayette, to construct or repair the bridges mentioned in plaintiff's complaint and petition.

This demurrer was sustained by the court; the plaintiff excepted; and final judgment was rendered for the defendant, from which the plaintiff appealed to this court.

The only question presented by the assignment of errors is as to the correctness of the ruling of the court in sustaining the demurrer to the complaint; and the only question discussed by counsel in their briefs is the question whether it is the duty of the county board, under the act of 1849, to repair the bridges referred to in the complaint, which are situated within the limits of the city. The bridges are on the line of the streets where they cross the canal.

The act of 1849 provided, "that it shall be, and it is hereby made, the duty of the board of commissioners in the county of Fayette, at the common cost and expense of said county, until otherwise provided for, to put and keep in good repair all the public bridges across the White Water canal, and also the bridge across the west fork of White Water river in said county."   Local Laws, 1849, p. 202.

As the complaint is predicated upon the act of 1849, if that act is not in force, we suppose we need not inquire whether it is the duty of the city, in consequence of its

having become incorporated under the general law relating to the incorporation of cities, to keep these bridges in repair, or not. It was a prominent object with the convention which framed our present constitution to prevent, as far as possible, local and special legislation in the future; and the legislature which met next afterward, so far as it could do so, passed general laws, and superseded such as were local and special, relating to the same subjects. Accordingly, an act was passed relating to the erection and repair of bridges, entitled "an act to provide for the erection and repair of bridges," approved May 22d, 1852. 1 R. S. 1852, p. 201. This act, with its amendments since enacted, may be found in 1 G. & H. 202.

To strike down all previous local and special legislation, such as the act of 1849, relied upon in this case, the legislature passed the act entitled "an act repealing all former acts of the legislature except those therein named," approved June 18th, 1852. 1 G. & H. 534. This act provides "that all laws not enacted at the present session of the general assembly, are repealed, except," etc. The act in question is not among those excepted. We are quite clear that all such previous legislation as the act in question was intended to be, and was, abrogated by this act.

What we decide in this case is, that the act of 1849 in question is not in force.

The judgment is affirmed, with costs.

*J. S. Reid, N. Trusler,* and *W. Morrow,* for appellant.

*J. C. McIntosh* and *B. F. Claypool,* for appellee.